# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-24-01669-TUC-JGZ (JR) |
| Plaintiff, | **ORDER** |
| v. | |
| Lennie Coleman Clark, | |
| Defendant. | |

On July 19, 2024, United States Magistrate Judge Jacqueline Rateau issued a Report and Recommendation (Doc. 52) in which she recommended denying Defendant's Motion to Suppress (Doc. 38). On August 2, 2024, Defendant Clark filed an Appeal from Magistrate's Report and Recommendation. (Doc. 53.) After an independent review of the record, the Court will adopt Magistrate Judge Rateau's Report and Recommendation and deny Defendant's Motion to Suppress.

When reviewing a Magistrate Judge's Report and Recommendation, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis omitted). District courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn,* 474 U.S. 140, 149 (1985). *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Reyna-Tapia,* 328 F.3d at 1121.

In his Appeal from Magistrate's Report and Recommendation, Defendant does not challenge Magistrate Judge Rateau's factual findings or the applicable law. (*See* Doc. 53.) He simply argues that, on the undisputed facts, Agent Brown lacked reasonable suspicion to conduct a stop of Defendant's vehicle. (*Id.*) Having reviewed the factual findings, the Court disagrees. Under *United States v. Brignoni-Ponce*, 422 U.S. 873, 884-85 (1975), Agent Brown had reasonable suspicion to stop Defendant given the totality of the circumstances. Defendant's car, with out-of-state plates, was seen by agents shortly after the sensor activation, travelling west from the area, which was a short distance from the border and a known location for alien smuggling. Mobile surveillance units did not report seeing any other cars leave the area. Out-of-state cars are seldom seen in the area, and Agent Brown observed a white sheet in the back seat of the vehicle and handprints in the dust on the trunk. Accordingly,

**IT IS ORDERED:**

1. The Report and Recommendation (Doc. 52) is **adopted**.
2. The Defendant's Appeal from Magistrate's Report and Recommendation (Doc. 53) is **overruled**.
3. The Defendant's Motion to Suppress (Doc. 38) is **denied**.

Dated this 6th day of August, 2024.

Jennifer G. Zipps
United States District Judge